The judgment is reversed, and the cause remanded.

DAVIDSON, J. I think the case ought to be reversed on both grounds.

---

ESHELMAN v. STATE.    (No. 3596.)

(Court of Criminal Appeals of Texas. June 9, 1915.)

Appeal from District Court, Wichita County; Edgar Scurry, Judge.

Charlie Eshelman was convicted of robbery, and appeals. Reversed and remanded.

Bernard Martin and F. S. Jones, both of Wichita Falls, for appellant. C. C. McDonald, Asst. Atty. Gen., for the State.

DAVIDSON, J. Appellant was convicted of robbery; his punishment being assessed at five years' confinement in the penitentiary.

This is a companion case to Jim Sparks v. State, 177 S. W. 968, this day decided, involving the same question, and some other matters. On the authority of Sparks v. State, the judgment herein will be reversed and remanded.

---

ALBERTSON v. STATE.    (No. 3616.)

(Court of Criminal Appeals of Texas. June 16, 1915.)

CRIMINAL LAW  ⚖➡1097—QUESTIONS REVIEWABLE—STATEMENT OF FACTS.

In the absence of a statement of facts, refusal of charges will not be reviewed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2862, 2864, 2926, 2934, 2938, 2939, 2941, 2942, 2947; Dec. Dig. ⚖➡1097.]

Appeal from Criminal District Court, Harris County; C. W. Robinson, Judge.

O. R. Albertson was convicted of passing a forged instrument, and he appeals. Affirmed.

C. C. McDonald, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was convicted of passing a forged instrument, and his punish-

ment assessed at two years' confinement in the penitentiary.

No bills of exception are contained in the record before us. Three special charges requested and refused appear therein, but in the absence of a statement of facts it is impossible for us to determine whether or not they should have been given.

The judgment is affirmed.

---

STINSON v. STATE. (No. 3559.)

(Court of Criminal Appeals of Texas. May 26, 1915. Rehearing Denied June 23, 1915.)

CRIMINAL LAW ⟡1090 — APPEAL — MISDE-MEANOR—BILL OF EXCEPTIONS.

Absent bill of exceptions, in a misdemeanor case, only the question of the evidence sustaining the conviction can be considered.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2653, 2789, 2803–2822, 2825–2827, 2927, 2928, 2948, 3204; Dec. Dig. ⟡1090.]

Appeal from Gregg County Court; J. H. McHaney, Judge.

Uriah Stinson was convicted, and appeals. Affirmed.

F. B. Martin, of Longview, for appellant. C. C. McDonald, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was convicted of unlawfully carrying a pistol, and prosecutes an appeal to this court.

No bills of exception are contained in the record, and, this being a misdemeanor, the only question that can be considered is whether the evidence will sustain the conviction. We think it does do so, and the judgment is affirmed.

---

FORD v. STATE. (No. 3607.)

(Court of Criminal Appeals of Texas. June 16, 1915.)

CRIMINAL LAW ⟡1206—PUNISHMENT—VER-DICT AND SENTENCE.

The verdict being for two years, the court cannot, under the indeterminate sentence law, pronounce sentence of not less than two years nor more than five years; for the punishment cannot exceed that fixed by the jury, and, if this exceeds the minimum, the sentence should be not in excess of that fixed by the jury, nor less than the minimum.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. 3271–3277, 3279, 3280; Dec. Dig. ⟡1206.]

Appeal from Criminal District Court, Harris County; C. W. Robinson, Judge.

Squire Ford was convicted, and appeals. Corrected and affirmed.

C. C. McDonald, Asst. Atty. Gen., for the State.

DAVIDSON, J. Appellant was convicted of assault to murder, his punishment being assessed at two years' confinement in the penitentiary.

In the absence of statement of facts and bills of exception, there is nothing presented in the motion for new trial that can be reviewed.

The verdict of the jury was for two years. The court pronounced sentence on appellant for not less than two nor more than five years. This the court could not do under the indeterminate sentence law. The punishment cannot exceed the amount of punishment fixed by the jury. If it was in excess of the minimum punishment, then under the indeterminate sentence law the sentence should not be in excess of that fixed by the jury, nor less than the minimum punishment.

With this correction, the judgment will be affirmed.

---

⟡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes